# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Detention of: | No.  52882-7-II |
| C.J. | |
| Petitioner, | UNPUBLISHED OPINION |

LEE, C.J. — C.J. appeals a 180-day civil commitment order, arguing that the superior court erred because the superior court's finding that C.J. committed second degree assault is not supported by substantial evidence and the superior court's findings do not support its conclusion that C.J. meets the statutory requirements for a 180-day commitment.  We hold that substantial evidence supports the superior court's finding and the court's findings support its conclusion that C.J. meets the statutory requirements for a 180-day commitment.  Therefore, the superior court did not err by entering the 180-day commitment order.  Accordingly, we affirm.

## FACTS

C.J. was charged with second degree assault based on an incident where C.J. assaulted a nurse.  In C.J.'s criminal case, the superior court found C.J. incompetent to stand trial on the second degree assault charge, ordered the criminal charge dismissed, and referred C.J. for an involuntary commitment hearing.

The State filed a petition for a 180-day involuntary commitment.  The petition alleged that criminal charges had been dismissed against C.J. because he was found to be incompetent, he

committed acts constituting a violent felony, and he presents a substantial likelihood of repeating similar acts because of a mental disorder.

Evans Okallo testified at the civil commitment hearing. Okallo stated that he was working on a ward at Western State Hospital when he observed C.J. jump over the nurses' station and attack a nurse. Okallo also observed C.J. holding the nurse by the neck. Okallo stated that he "tried to pull the hands from—from the nurse['s] neck because she was struggling to breathe at that point." Verbatim Report of Proceedings (VRP) at 15. Okallo "had to fight to get the hands out of the grip of [C.J.]. . . . With one other staff who came in later . . . [Okallo] was able to do that eventually." VRP at 15.

Dr. Jacqueline Means, a forensic evaluator, testified regarding her evaluation of C.J.'s condition. Dr. Means testified that C.J. suffers from schizoaffective disorder. Dr. Means opined that there was a substantial likelihood that C.J. would harm others because of his mental disorder. And Dr. Means opined that C.J. was gravely disabled as a result of his mental disorder.

After the 180-day commitment hearing, the superior court entered findings of fact and conclusions of law. The superior court found, based on Okallo's testimony, that C.J. "was holding a nurse by the neck with his hands. . . . [The nurse] was also having trouble breathing." Clerk's Papers (CP) at 25. The superior court also found that:

> [C.J.] was determined to be incompetent and felony charges were dismissed. [C.J.] committed the following acts, which constitute the felony/felonies of Assault in the Second Degree [RCW 9A.36.021(g)] within the meaning of RCW 71.05, and as a result of a mental disorder, [C.J.] presents a substantial likelihood of repeating similar acts.
>
> . . . .

> The acts [C.J.] committed constitute a violent offense under RCW 9.94A.030.
>
> . . . .

[C.J.] Is/Continues To Be Gravely Disabled.

CP at 25-26 (emphasis omitted). Based on its findings, the superior court concluded, as relevant here, that C.J. presents or continues to present a substantial likelihood of repeating acts similar to the charged criminal behavior and is gravely disabled, and ordered that C.J. be civilly committed for 180 days.

C.J. appeals the superior court's 180-day civil commitment order.[1]

ANALYSIS

A.    LEGAL PRINCIPLES

We review challenges to the sufficiency of the evidence in the light most favorable to the State. *In re Det. of B.M.*, 7 Wn. App. 2d 70, 85, 432 P.3d 459, *review denied*, 193 Wn.2d 1017 (2019). The State must prove the elements required for commitment by clear, cogent, and convincing evidence. RCW 71.05.310. We will not "disturb the superior court's findings 'if supported by substantial evidence which the lower court could reasonably have found to be clear, cogent, and convincing.'" *B.M.*, 7 Wn. App. 2d at 85 (quoting *In re Det. of LaBelle*, 107 Wn.2d 196, 209, 728 P.2d 138 (1986)). Evidence is substantial if the trier of fact could determine that the ultimate issue is "highly probable." *LaBelle*, 107 Wn.2d at 209. If the superior court's findings are supported by substantial evidence, we determine whether the findings support the superior

---

[1] Although the 180-day civil commitment order has expired, this appeal is not moot because involuntary commitment orders have continuing consequences. *In re Det. of M.K.*, 168 Wn. App. 621, 629-30, 279 P.3d 897 (2012).

court's conclusions of law and judgment. *Id*. We review conclusions of law de novo. *Robel v. Roundup Corp.*, 148 Wn.2d 35, 42-43, 59 P.3d 611 (2002).

Under RCW 71.05.280(3) a person may be involuntarily committed for 180 days if the person is determined to be incompetent and criminal charges have been dismissed, has committed acts constituting a felony, and presents a substantial likelihood of repeating similar acts as a result of a mental disorder. When the underlying charge is a violent felony under RCW 9.94A.030, the superior court shall determine whether the acts the person committed constitute a violent offense under RCW 9.94A.030. RCW 71.05.280(3)(b).

A person commits second degree assault if he or she assaults another by strangulation or suffocation. RCW 9A.36.021(1)(g). "'Strangulation' means to compress a person's neck, thereby obstructing the person's blood flow or ability to breathe, or doing so with the intent to obstruct the person's blood flow or ability to breathe." RCW 9A.04.110(26). "'Suffocation' means to block or impair a person's intake of air at the nose and mouth, whether by smothering or other means, with the intent to obstruct the person's ability to breathe." RCW 9A.04.110(27). Second degree assault is a felony. RCW 9A.36.021(2). And second degree assault is a violent offense under RCW 9.94A.030(56)(a)(viii).

B.     SUBSTANTIAL EVIDENCE

C.J. argues that the superior court's finding that his acts constituted second degree assault is not supported by substantial evidence. Specifically, C.J. argues that because the nurse did not testify, there is insufficient evidence to support a finding of second degree assault. We disagree.

Here, Okallo testified that he saw C.J. jump over the nurse's station and attack the nurse. Okallo also testified that C.J. had his hands around the nurse's throat and that she had trouble

breathing. And when he attempted to intervene and help the nurse, he had to fight to get C.J. to release his grip on the nurse's throat. Based on the totality of Okallo's testimony, there was substantial evidence for the superior court to determine that it was highly probable that C.J.'s grip on the nurse's throat obstructed the nurse's ability to breathe. Accordingly, the superior court's finding that C.J. committed acts that constitute second degree assault was supported by substantial evidence.

C.    180-DAY COMMITMENT

C.J. also argues that the superior court lacked the authority to order a 180-day civil commitment because the superior court's finding that his acts constituted second degree assault does not support the conclusion that he met the statutory requirements of RCW 71.05.280(3). We disagree.

Generally, a superior court may order only a 90-day commitment. RCW 71.05.320(1)(a). However, "[i]f the grounds set forth in RCW 71.05.280(3) are the basis of commitment, then the period of treatment may be up to but not exceed one hundred eighty days." RCW 71.05.320(1)(c).

RCW 71.05.280(3) states that a person can be committed for further treatment if:

> Such person has been determined to be incompetent and criminal charges have been dismissed pursuant to RCW 10.77.086(4), and has committed acts constituting a felony, and as a result of a mental disorder, presents a substantial likelihood of repeating similar acts.
> (a) In any proceeding pursuant to this subsection it shall not be necessary to show intent, willfulness, or state of mind as an element of the crime;
> (b) For any person subject to commitment under this subsection where the charge underlying the finding of incompetence is for a felony classified as violent under RCW 9.94A.030, the court shall determine whether the acts the person committed constitute a violent offense under RCW 9.94A.030.

No. 52882-7-II

Here, the superior court found that C.J.'s acts constituted second degree assault, which is a felony and a violent offense under RCW 9.94A.030(56)(a)(viii). And, for the reasons explained above, the superior court's finding was supported by substantial evidence. The superior court also found that as a result of a mental disorder, there is a substantial likelihood of C.J. repeating similar acts. Thus, the superior court's findings support its conclusion that C.J. should be ordered to a 180-day civil commitment under RCW 71.05.280(3).

The superior court's finding that C.J.'s acts constituted second degree assault is supported by substantial evidence and the court's findings support its conclusion that C.J. meets the requirements for a 180-day commitment under RCW 71.05.280(3). Therefore, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Sutton, J.

6